UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMELA M. HUFF,

    Plaintiff,

        CASE NO.:

-vs-

UNITED STATES OF AMERICA,

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

COMES NOW the Plaintiff, PAMELA M. HUFF, by and through her undersigned attorneys, and sues Defendant, UNITED STATES OF AMERICA, and alleges:

### INTRODUCTION

1. This civil action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 – 2680 (Federal Tort Claims Act, "FTCA"), and this Court has jurisdiction under the provision of §1346(b). This action seeks monetary damages against Defendant, for committing acts or omission of negligence against Plaintiff, in excess of $75,000.00.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1346(b) and §§ 2671 – 2680 (Federal Tort Claims Act, "FTCA").

3. This Federal District Court has jurisdiction as the claims herein are brought against Defendant, UNITED STATES OF AMERICA, pursuant to the FTCA, 28 U.S.C. §§1346(b), §2401, and §2671-2380 *et seq.*, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court for money

damages as compensation for personal injuries caused by negligence on the part of Defendant, UNITED STATES OF AMERICA.

4. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the FTCA, 28 U.S.C. § 2671, *et. seq.*

5. Pursuant to the FTCA, 28 U.S.C. §2671, *et. seq.*, the Plaintiff presented her claim to the appropriate federal agency for administrative settlement under the FTCA. (Form 95-109, dated February 28, 2018 and mailed June 19, 2018, attached as **Exhibit A,** in addition to previous notifications, and written communications between Plaintiff's counsel and United States Department of Agriculture.)

6. Plaintiff, PAMELA M. HUFF, fully complied with the provisions of 28 U.S.C. §2675 by submitted Standard Form 95 to the Department of Agriculture. See Exhibit A.

7. This action is timely pursuant to 28 U.S.C. §2401(b) in that it was presented to the appropriate federal agency within the two years of accrual and this action was filed more than six months after Plaintiff's claim for damages was filed with the appropriate federal agency with no final disposition of Plaintiff's Claim. After submissions of Plaintiff's claim, and numerous communications and settlement attempts, no resolution was reached for settlement. Therefore Plaintiff has elected to consider such failure to settle as a final denial of Plaintiff's claim.

8. Venue is proper in this district pursuant to 28 U.S.C. §1402(b), as the United States of America is a Defendant and a substantial part of the events giving rise to the claim occurred in this district.

9. Negligent acts and/or omissions giving rise to this claim against Defendant, UNITED STATES OF AMERICA, occurred in the district of Florida and the vast majority of fact witnesses expected to testify do work and reside in the Middle District of Florida. Venue is therefore proper under 28 U.S.C. §1402(b).

## PARTIES

10. Plaintiff, PAMELA M. HUFF, is an adult female who at all times relevant to this action resided in the State of Florida and is a Citizen of the United State of America.

11. Because the directors, officers, operators, administrators, employees, agents and staff of the United States Department of Agriculture are "employees of the government" at all times relevant hereto, Defendant, UNITED STATES OF AMERICA, is responsible for the negligence acts and/or omissions of said directors, officers, operators, administrators, employees, agents and staff under the theory of respondent superior.

12. Pursuant to the FTCA, Defendant, UNITED STATES OF AMERICA, is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of an employee of the United States Department of Agriculture while acting within the course and scope of his office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff under the State of Florida's vicarious liability laws.

## STATEMENT OF NEGLIGENT CLAIM

13. Plaintiff, PAMELA M. HUFF, reiterates and realleges Paragraphs 1 through 12, as if contained herein and would further allege:

14. On or about February 28, 2017, Defendant, UNITED STATES OF AMERICA, through its department, Department of Agriculture, owned a motor vehicle that

was operated by its employee, Keijo A. Hardin, while acting within the scope of his employment with Defendant's agency, Department of Agriculture, at or near US 98 (SR 700) and Revson Avenue in Sebring, Highlands County, Florida.

15. At that time and place said Defendant's employee, Kejio A. Hardin, negligently operated and/or maintained said motor vehicle so that it collided with Plaintiff, PAMELA M. HUFF'S, motor vehicle.

16. The time of the motor vehicle accident Defendant's employee was acting in the course and scope of his employment and/or agent duties for the Defendant, UNITED STATES OF AMERICA, through its agency, Department of Agriculture.

17. The Defendant, UNITED STATES OF AMERICA, through said agency, consented to and gave permission to its employee to operate its motor vehicle.

18. The Defendant, UNITED STATES OF AMERICA, through its agency, is responsible and liable for the negligent acts of its employee, Kejio A. Hardin.

## DAMAGES CAUSED BY DEFENDANT'S NEGLIGENCE

19. Plaintiff, PAMELA M. HUFF, reiterates and realleges Paragraphs 1 through 18, as if contained herein and would further allege:

20. As a result, Plaintiff, PAMELA M. HUFF, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff's automobile was damaged and she lost the use of it during the period required for its repair or replacement. Damages amount to $183,451.47.

WHEREFORE, Plaintiff, PAMELA M. HUFF, demands judgment against the Defendant, UNITED STATES OF AMERICA, in an amount of one hundred eighty-three thousand, four hundred fifty-one dollars and forty-seven cents ($183,451.47), and such relief deemed proper by this Court.

DATED this ___18___ day of January, 2019.

*Bruce Culpepper*
Bruce Culpepper, Esquire
CULPEPPER KURLAND, PLLC
101 East Kennedy Boulevard, Suite 2300
Tampa, Florida 33602
Tele: (813) 228-8600
Fax: (813) 228-6500
Email: Service-Bruceculpepper@ckfirm.com
Florida Bar No.: 0099170
Attorney for Plaintiff(s)