**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE No. 19-14100-CIV-MARTINEZ/MAYNARD**

**PAMELA M. HUFF,**

    **Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO JONATHAN HUFF'S MOTION TO REMOVE STAY AND FOR SUBSTITUTION OF PARTY**

Defendant United States, by and through the undersigned Assistant United States Attorney, responds to Jonathan Huff's Motion to Remove Stay and for Substitution of Party, D.E. 20, as follows:

1. Plaintiff Pamela Huff filed this negligence action under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., against the United States on January 18, 2019. D.E. 1. This action concerns a vehicle accident that occurred nearly two years before, on February 28, 2017, in Sebring, Florida. *Id.* ¶ 14. Ms. Huff alleged that she was injured by a vehicle driven by an employee of the Department of Agriculture. *Id.* ¶ 14.

2. Ms. Huff died on February 3, 2019, two weeks after her Complaint was filed. D.E. 14. To date, there has been no suggestion that Ms. Huff's death was causally related to the auto accident at issue in this case. The autopsy report, which was forwarded to the United States' counsel, indicates that Ms. Huff's manner of death was "natural."

3. As the United States set forth in greater detail in its July 8, 2019, Response to Order to Show Cause, D.E. 15, counsel for Ms. Huff first informed counsel for the United States that Ms. Huff had died on June 13, 2019.

4. In light of Ms. Huff's death, counsel jointly requested that this Court stay the action until such time as a personal representative over Ms. Huff's estate were appointed so that the personal representative could be substituted as plaintiff and an amended complaint could be filed setting forth a survivor action. D.E. 15 ¶ 5, D.E. 17 ¶ 5; *see Capone v. Philip Morris, USA, Inc.,* 116 So. 3d 363, 376-377 (Fla. 2013).

5. In its July 10, 2019 Order Staying Case and Requiring Plaintiff's Certificate of Interested Parties, D.E. 18, this Court stayed this action "until the personal representative of the decedent's estate is added as a party to the pending action and receives a reasonable opportunity to amend the complaint." D.E. 18 at 2 (quoting *Capone*). The Court further directed that "Counsel for the Plaintiff shall file a notice and motion to amend the complaint in this action within thirty (30) days of the appointment of a personal representative for Plaintiff's estate." *Id*.

6. On September 10, 2020, more than a year after this Court's order, Jonathan Huff filed the instant motion to remove stay and for substitution of party, D.E. 20. The motion suggests that on August 13, 2020, Mr. Huff was appointed administrator of Ms. Huff's estate by a court in Bowie County, Texas, and attaches as support a one-page Letters of Administration issued by that court.

7. The motion does not comply with this Court's July 10, 2019 Order, D.E. 18, which required that "Counsel for the Plaintiff shall file a notice and motion to amend the complaint in this action within thirty (30) days of the appointment of a personal representative for Plaintiff's estate." *Id*.

8. Further, the motion is bare bones, and provides no context or further information regarding Mr. Huff's appointment as administrator of Ms. Huff's estate.

9. In addition, counsel for Mr. Huff did not confer with counsel for the United States pursuant to S.D. Fla. L.R. 7.1(a)(3) prior to filing the instant motion. "Local Rule 7.1(a)(3) provides that a party's failure to comply with the requirements of the rule (good-faith conferral) 'may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction.'" *Incardone v. Royal Carribean Cruises, Ltd.*, 16-20924-CIV, 2019 WL 8989848, at *1 (S.D. Fla. June 5, 2019) (Martinez, J.).

10. In any event, the United States hereby preserves any available defenses related to the substitution of Mr. Huff as plaintiff that may become apparent following discovery, including whether Mr. Huff is a proper plaintiff or has standing to pursue claims as Ms. Huff's personal representative. *See* Wright & Miller, 7C *Federal Practice & Procedure Civil* § 1556 ("The court will not resolve the merits of the controversy in passing on a motion for substitution.").

11. For these reasons, the United States respectfully requests that this Court deny Mr. Huff's motion.

Dated: September 24, 2020  
Fort Lauderdale, Florida

Respectfully submitted,

**ARIANA FAJARDO-ORSHAN**  
**UNITED STATES ATTORNEY**

By: /s/ Johnathan D. Lott  
JOHNATHAN D. LOTT  
Fla. Bar. No. 0116423  
Assistant United States Attorney  
United States Attorney's Office  
Email: johnathan.lott@usdoj.gov  
500 E. Broward Blvd., 8th Floor  
Fort Lauderdale, Florida 33394  
Tel: (954) 660-5931  
*Attorney for Defendant*