**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION**

CASE NO.  19-14100-CIV-MARTINEZ/MAYNARD

**JONATHAN HUFF, as the Administrator
of the Estate of the Decedent,
PAMELA M. HUFF,**

    Plaintiff,

v.

**UNITED STATES OF AMERICA,**

    Defendant.

_____/

**DEFENDANT'S MOTION TO PRECLUDE UNDISCLOSED RULE 26(a)(2)(B) EXPERT TESTIMONY OR, ALTERNATIVELY, TO COMPEL DISCLOSURE**

Pursuant to Fed. R. Civ. P. 37(c)(1), 37(a)(3)(A), and S.D. Fla. L.R. 26.1(g), Defendant United States of America, by and through the undersigned Assistant United States Attorney, respectfully moves for an Order precluding expert testimony that requires Rule 26(a)(2)(B) expert disclosures given that Plaintiff has not provided such disclosures, or alternatively to compel Plaintiff to provide Rule 26(a)(2)(B) disclosures in order to proffer such testimony, and states as follows:

I. **INTRODUCTION**

This is a Federal Tort Claims Act case arising from an auto accident between Pamela Huff and the driver of a vehicle owned by the United States government that occurred on February 28, 2017. Plaintiff[1] seeks damages stemming from the minor injuries, including back and neck pain and herniated discs, that Ms. Huff claims to have suffered as a result of the accident.

Following this Court's August 23, 2021, expert disclosure deadline, *see* D.E. 29, Plaintiff served summary Rule 26(a)(2)(C) disclosures identifying three treating physicians as non-retained expert witnesses and stating that he expected each of them to testify, among other things, that the claimed injuries were causally related to the auto accident in question. A copy of the disclosures are attached hereto as Exhibit A.[2] Plaintiff did not identify any retained Rule 26(a)(2)(B) witnesses, and he did not (and still has not) provided any expert reports meeting the requirements of Rule 26(a)(2)(B). However, "a treating physician who wishes to testify as to causation or actual harm with respect to non-observable injuries like those suffered by the Plaintiff must provide a full report satisfying the requirements of [Rule] 26(a)(2)(B)." *Cedant v. United* States, 2021 WL 2895714, at *5 (S.D. Fla. July 9, 2021) (quotations omitted).

Because Plaintiff did not and still has not provided Rule 26(a)(2)(B) disclosures and reports, Defendant respectfully requests that he be precluded from offering expert testimony requiring such disclosure, including testimony that the injuries Ms. Huff allegedly suffered were

---

[1] Ms. Huff subsequently passed away due to causes unrelated to the accident. Her son, Jonathan Huff, is the administrator of her estate and was substituted as the Plaintiff. *See* D.E. 25.

[2] Plaintiff initially served no expert disclosures. On August 25, 2021, counsel for Defendant contacted counsel for Plaintiff regarding the lack of expert disclosures, and given the brief delay and as a professional courtesy agreed to accept expert disclosures even though they were untimely. Plaintiff provided the disclosures, and after Defendant raised concerns about the sufficiency of the Rule 26(a)(2)(C) disclosures, Plaintiff provided amended disclosures which addressed those concerns, but still declined to provide any Rule 26(a)(2)(B) disclosures.

1

caused by the accident in question. Alternatively, if this Court decides to excuse this non-disclosure, Defendant respectfully requests that this Court compel Plaintiff to provide full Rule 26(a)(2)(B) disclosures in order to offer expert testimony requiring such disclosures, and to afford Defendant an appropriate opportunity to respond and conduct further necessary discovery.

## II. ARGUMENT

As this Court has summarized:

> Rule 26 differentiates between disclosures of witnesses who must provide a written report, and those who do not need to provide full reports. Compare *id.* 26(a)(2)(B) with *id.* 26(a)(2)(C). A full written report is required from an expert who is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." *Id.* 26(a)(2)(B). In contrast, when an expert is not required to provide a written report under subsection (B), the attendant disclosure is considerably less extensive.
>
> In determining whether a Rule 26(a)(2)(B) report is required, the label of "treating physician" is irrelevant; instead, the determination turns on the substance of the physician's testimony. When a treating physician testifies regarding opinions formed and based upon observations made during the course of treatment, the treating physician need not produce a Rule 26(a)(2)(B) report. By contrast, ***treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required***.

*Munoz v. Dollar Tree Stores, Inc.*, 19-24512-CIV, 2021 WL 2012230, at *1 (S.D. Fla. May 20, 2021) (Martinez, J.) (emphasis added) (cleaned up); *accord In re Denture Cream*, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012) ("[T]reating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required.") (collecting authority); *Muzaffarr v. Ross Dress for Less, Inc.*, 2013 WL 3850848, at *1 (S.D. Fla. July 26, 2013). As then-District Judge Julie Carnes reasoned at length, this rule is grounded in history and precedent concerning treating physicians as experts, such as *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005), and in the 2010 Advisory Committee Notes concerning Rule 26(a)(2)(C). *See Kondragunta v. Ace Doran Hauling & Rigging Co.*, 2013 WL 1189493, at *9-13 (N.D. Ga. Mar. 21, 2013).

Courts have accordingly reasoned that in general, and especially where injuries are not readily observable (such as soft-tissue injuries like herniated discs), opinions as to causation necessarily fall outside the scope Rule 26(a)(2)(C) and into Rule 26(a)(2)(B) because the only way to determine the cause of such injuries is to consider outside information (for example, a patient's statements as to how to the injuries occurred) and to render a hypothesis based on that outside information, and because such information is not necessary to the treatment. *E.g., Cedant*, 2021

WL 2895714, at *5 ("As the Plaintiff's injuries were not akin to a broken leg observable by a layman, an expert report in compliance with Rule 26(a)(2)(B) was required to prove causation."); *Pierre v. Intuitive Surgical, Inc.*, 476 F. Supp. 3d 1260, 1275–76 (S.D. Fla. 2020), aff'd, 854 F. App'x. 316 (11th Cir. 2021) (opinion regarding causation "was conjectural, not based on personal observations made during Pierre's treatment, and was not necessary or critical to Pierre's treatment" and therefore inadmissible without Rule 26(a)(2)(B) report); *Muzaffarr*, 2013 WL 3850848, at *1 ("[W]hen the testimony of the treating physician or provider ventures beyond such matters and includes opinions on causation, prognosis, and/or future implications of the injury, then he or she must provide a full report satisfying the requirements of [Rule] 26(a)(2)(B)")); *In re Denture Cream*, 2012 WL 5199597, at *5 ("Inasmuch as Plaintiffs' treating physicians are opining on causation—either specific or general—Defendants are entitled to full Rule 26(a)(2)(B) reports because such opinions go beyond those arising from treatment."); *Torres v. Walmart Stores East, L.P.*, 2017 WL 8780915, at *2 (S.D. Fla. June 9, 2017) ("Because this [causation] testimony is clearly beyond the scope of the treating physicians' observations during treatment, the Undersigned finds that Rule 26(a)(2)(B) required Plaintiff to produce timely and fully written expert reports."); *Martin v. Wal-Mart Stores E., LP.*, 2020 WL 5949222, at *2 (S.D. Ga. Oct. 7, 2020) (Rule 26(a)(2)(B) report required where "Plaintiff has specifically identified that she intends her treating physicians to provide expert testimony as to causation"); *see also Kraese v. Jialiang Qi*, 2021 WL 640826, at *3 (S.D. Ga. Feb. 18, 2021).

   Likewise, here, testimony regarding the cause of Ms. Huff's claimed injuries would necessarily draw on information unnecessary to and outside of the scope of treatment and thus require a full Rule 26(a)(2)(B) report. The experts intend to testify that Ms. Huff suffered from a variety of soft tissue injuries, including cervical disc injuries. *See* Exh. 1 at ¶¶ 1.B.h, 2.B.h, 3.B.h. These injuries were primarily diagnosed through sophisticated medical imaging several weeks after the accident in question, and could necessarily have a range of causes other than the auto accident at issue; the only way Plaintiff's experts could opine regarding causation is by considering information unnecessary to the course of treatment and then making a hypothesis regarding causation that should have no effect on the course of their treatment. The Eleventh Circuit has noted that a doctor "did not need to determine how [a plaintiff] was injured to treat him…" *Henderson*, 409 F.3d at 1300. Such testimony thus draws on information from outside the course of treatment and falls squarely in the territory of Rule 26(a)(2)(B). And the timing of Ms. Huff's

3

treatment provides further support that any causation opinion draws on information unnecessary to treatment; Dr. Waldron did not see Ms. Huff until over a week after the accident occurred; Dr. Arango did not see her until nearly a month after the accident occurred; and Dr. Fiore saw her on only one occasion over six months after the accident. *See* Exhibit B, Plaintiff's Interrogatory Responses, ¶¶ 7-8. Further, "Plaintiff bears the burden of demonstrating that Rule 26(a)(2)(B) reports are not required." *Torres*, 2017 WL 878091 at *1.

Where, as is the case with Plaintiff's proposed expert testimony on causation, a party fails to provide a required disclosure by the deadline, "the party is not allowed to use that information … unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, the failure was not substantially justified; the law is sufficiently clear that a Rule 26(a)(2)(B) disclosure is required for such testimony, and Plaintiff did not seek to correct the deficiency during the meet-and-confer process. Nor is the failure harmless: "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, ... compliance with Rule 26 is not merely aspirational." *W. Union Holdings, Inc. v. E. Union, Inc.*, 316 F. App'x. 850, 854 (11th Cir. 2008) (quotation omitted). Defendant cannot adequately assess or prepare for the depositions of the experts without the required reports, nor can Defendant's experts provide adequate rebuttal to these opinions, and it seems unlikely that Plaintiff will be able to retain experts, produce full reports, schedule depositions, and allow for rebuttal reports before the discovery deadline of October 13, 2021. *Cf. Cedant*, 2021 WL 2895714 at *6 (failure to set forth Rule 26(a)(2)(B) disclosures not harmless); *Torres,* 2017 WL 8780915 at *2 (recommending untimely and undisclosed Rule 26(a)(2)(B) testimony be stricken). Moreover, exclusion of such opinions will not be fatal to Plaintiff's claim; his experts may still testify as Rule 26(a)(2)(C) witnesses concerning the course and scope of their treatment and diagnoses, and he may still seek damages for reasonable medical expenses and lost wages.

Alternatively, if this Court declines to exclude the undisclosed Rule 26(a)(2)(B) testimony, Defendant respectfully requests that this Court compel Plaintiff to provide full Rule 26(a)(2)(B) disclosures as to any experts that will offer testimony on causation or other Rule 26(a)(2)(B) issues, and modify the discovery deadlines to afford Defendant an appropriate opportunity to respond.

### III. CONCLUSION

For these reasons, Defendant respectfully requests that this Court preclude Plaintiff's proposed expert testimony requiring Rule 26(a)(2)(B) disclosures, including testimony regarding

causation, as undisclosed and untimely.  Alternatively, this Court should compel proper disclosures and modify the scheduling order accordingly.

## CERTIFICATE OF CONFERENCE

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Defendant hereby certifies that he conferred with counsel for Plaintiff by telephone and by email, and the parties were unable to resolve the issues raised in this motion.

Dated: September 1, 2021  
Fort Lauderdale, Florida

Respectfully submitted,

**JUAN ANTONIO GONZALEZ**
**ACTING UNITED STATES ATTORNEY**

By: /s/ Johnathan D. Lott
JOHNATHAN D. LOTT
Fla. Bar. No. 0116423
Assistant United States Attorney
United States Attorney's Office
Email: johnathan.lott@usdoj.gov
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 660-5931