UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**Case Number:  19-14100-CIV-MARTINEZ-MAYNARD**

JONATHAN HUFF, as the Administrator of the
Estate of the Decedent, PAMELA M. HUFF,

      Plaintiff,

vs.

UNITED STATES OF AMERICA,

      Defendant.

_____/

**<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

THIS MATTER was referred to the Honorable Shaniek K. Maynard, United States

Magistrate Judge, for a Report and Recommendation on Defendant's Motion to Enforce Magistrate

Judge's Order and to Preclude Expert Testimony Regarding Causation ("Motion to Enforce")

(ECF No. 67), and Defendant's *Daubert* Motions to Limit or Exclude Expert Testimony,

("*Daubert* Motion") (ECF No. 71).   Magistrate Judge Maynard filed a Report and

Recommendation ("R&R"), recommending that Defendant's Motion to Enforce be denied, and

Defendant's *Daubert* Motion be granted in part and denied in part.  (ECF No. 92).

The Court, having conducted a *de novo* review of the record and the issues presented in

Defendant's Objections to the R&R, (ECF No. 93), agrees with and adopts the R&R.  While the

R&R thoroughly analyzed and considered the issues presented in Defendant's Objections, the

Court will address two objections.  First, Defendant argues that the Court should exclude Dr.

Arango's testimony because Dr. Arango did not consider or rule out alternative explanations for

Pamela Huff's injuries.  (*See id.* at 4).  Specifically, Defendant argues that Dr. Arango did not

1

consider or rule out the possibility that Ms. Huff's injuries were caused by the repetitive strain from her long career as a nurse, rather than from the car collision that is the subject of this dispute. (*Id.*).  In support of this argument, Defendant cites to the recently-decided case, *MidAmerica C2L Inc. v. Siemens Energy Inc.*, No. 20-11266, 2022 U.S. App. LEXIS 4230 (11th Cir. Feb. 15, 2022). There, the Eleventh Circuit concluded that the district court did not abuse its discretion when it excluded expert testimony, reasoning that "in a case such as this one—where the expert notes that many factors could have contributed to the defect at issue—this means the expert must be able to explain his consideration of those alternative causes." *Id.* at *28 (citing *Guinn v. AstraZeneca Pharms. LP*, 602 F.3d 1245, 1253 (11th Cir. 2010)).

Dr. Arango's deposition reveals that he did, in fact, consider alternative theories of causation.  Dr. Arango was aware that Ms. Huff was a registered, home health nurse.  (ECF No. 67-2 at 34).   When asked whether "the repetitive lifting of heavy objects[] over many years[] could have been the cause of the sprains and strains that you diagnosed," Dr. Arango responded, "No . . . because the mechanism of injury is being rear-ended in a motor vehicle accident, not lifting a patient on the date of 2/28/2017." (Depo. of David U. Arango at 63:21–64:10, ECF No. 69-10).  Dr. Arango further testified that Ms. Huff's injuries were consistent with his diagnosis because prior to the accident Ms. Huff did not have any complaints of cervical or lumbar spine pain, but after the accident she did have these complaints.  (*Id.* at 22:4–24).  Dr. Arango concluded that Ms. Huff's subjective complaints were consistent with the mechanism of her injury, namely, the car accident, and Dr. Arango's objective findings were also consistent with his examinations and the mechanism of injury.  (*Id.*).  In his supplemental report, Dr. Arango states that his opinion derived from his medical examinations of Ms. Huff, the diagnostic tests and studies conducted,

including MRI tests of Ms. Huff's cervical spine and EMG/NCV tests, and Dr. Arango's treatment of Ms. Huff and her responses to such treatment. (ECF No. 67-1 at 2).

As the Eleventh Circuit noted in *Guinn*, upon which *MidAmeria*'s conclusion rests, "a reliable differential diagnosis need not rule out all possible alternative causes," but it "must at least consider other factors that could have been the sole cause of plaintiff's injury." *Guinn*, 602 F.3d at 1253. Here, Dr. Arango took into consideration Ms. Huff's medical history, the mechanism of the alleged injury, the subjective complaints of where the pain was located, and his objective examinations of Ms. Huff. (Arrango Depo. at 24–25). In any event, unlike in *MidAmerica*, here, Dr. Arango did not "note[] that many factors could have contributed" to the injury at issue. 2022 U.S. App. LEXIS 423, at *28. Instead, Dr. Arango attributed only the automobile accident to be the cause of her alleged injuries. The Court agrees with Judge Maynard that Dr. Arango's opinion is sufficiently reliable and will assist the trier of fact.

Second, Defendant argues that the Court should exclude Dr. Arango's testimony because he did not provide a complete report. (*See* ECF No. 93 at 8–9). The Court may exclude expert testimony when it fails to sufficiently state the expert's opinion "with sufficient specificity to allow [the defendant's] expert to prepare for rebuttal or cross-examination." *Brown v. NCL (Bah.) Ltd.*, 190 F. Supp. 3d 1136, 1142 (S.D. Fla. 2016) (quoting *Romero v. Drummond Co.*, 552 F.3d 1303, 1323 (11th Cir. 2008)). Defendant does not argue that Dr. Arango's report did not adequately allow it to prepare for rebuttal or cross-examination. The Court overrules this objection, too.

Accordingly, after careful consideration, it is hereby **ORDERED AND ADJUDGED** that

1.      United States Magistrate Judge Maynard's Report and Recommendation, (ECF No. 92), is **AFFIRMED** and **ADOPTED**.

2.      Defendant's Motion to Enforce, (ECF No. 67), is **DENIED**.

3

3.      Defendant's *Daubert* Motion, (ECF No. 71), is **GRANTED IN PART AND DENIED IN PART**.  The request to exclude Dr. Lavin's testimony relating to Pamela Huff's cervical disc injuries, the permanency of her injuries, and causation, is **GRANTED**.  The remainder of the *Daubert* Motion as it pertains to Dr. Arango is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14 day of April, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Maynard
All Counsel of Record

4