UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case Number: 19-14100-CIV-MARTINEZ-MAYNARD

JONATHAN HUFF, as the Administrator of the
Estate of the Decedent, PAMELA M. HUFF,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment. (ECF No. 70). This case concerns a negligence claim under the Federal Torts Claims Act arising out of an alleged car accident between Pamela Huff and an employee of the federal government. After considering the Motion for Summary Judgment, (ECF No. 70), Response, (ECF No. 73), Reply, (ECF No. 78), and the record, the Court denies the Motion for Summary Judgment.

    **A. BACKGROUND**

    **1. Factual Background**

On February 28, 2017, a collision occurred when a vehicle driven by Keijo A. Hardin, an employee of the United States Department of Agriculture, struck the rear of Pamela Huff's vehicle in Florida. (Joint Stmt. Of Undisputed Facts, ECF No. 69 ("SMF") ¶¶ 2, 5). Ms. Huff complained of injuries and she was taken from the scene of the accident to the local hospital by ambulance. (*Id.* ¶ 6). Between March 8, 2017 and September 5, 2017, Ms. Huff received treatment for her

alleged injuries. (*Id.* ¶ 7). On February 3, 2019, Ms. Huff passed away. (ECF No. 14). The Court granted Jonathan Huff—Ms. Huff's son and the administrator of her estate—leave to assert an amended complaint as the party Plaintiff. (ECF No. 26). The Amended Complaint alleges one claim against the Defendant under the Federal Torts Claims Act for Mr. Hardin's alleged negligence. (*See* ECF No. 27 at 4). Plaintiff asserts three categories of damages stemming from Ms. Huff's injuries: (1) $23,476 in past medical expenses; (2) $6,292.54 in lost wages; and (3) $100,000 in pain and suffering. (SMF ¶¶ 8–9). Plaintiff concedes that the $23,476 in medical damages "should be reduced to $5,357.68 due to a worker's compensation settlement." (*Id.* ¶ 9). Ms. Huff paid zero dollars in out-of-pocket medical expenses. (*Id.* ¶ 10). The only benefits that Ms. Huff received relating to her injuries from the car accident are from Gallagher Bassett, her worker's compensation carrier, to various medical providers. (*Id.* ¶ 12; Plf.'s Answers to First Set of Interrogs., ECF No. 69-1 ("1st Interrogs. Answers") at 13; Plf.'s Answers to First Set of Interrogs. #14, ECF No. 69-2 ("Interrog. #14") at 3; Plf.'s Resp. to First Request for Produc. #12, ECF No. 69-5 ("List of Claim Payments") at 140–44).

With respect to Plaintiff's claim for lost wage damages, Jonathan Huff testified that at the time of the accident, Ms. Huff worked as a home health care nurse. (*See* Depo. of Jonathan Huff, ECF No. 69-9 ("J. Huff Depo.") at 20:7–15, 21:9–22:23, 92:16–93:22). The record reflects that Ms. Huff's employer was Brookdale Senior Living d/b/a Nurse on Call. (*See* 1st Interrogs. Answers at 5). Plaintiff contends that Ms. Huff was out of work for an estimated four weeks and two days as a result of the injuries sustained from the car collision. (*Id.* at 13). In support of $6,292.54 in alleged lost wage damages, Plaintiff presents the Response to Petition for Benefits, submitted to the Office of the Judges of Compensation Claims, ("Benefits Response") (ECF No. 69-2), and a List of Claim Payments from Gallagher Bassett, (List of Claim Payments at 141–44).

The Benefits Response states that Ms. Huff's "[Average weekly wage] correctly set @ $1,394.60; then $1,473.52 after beginning 07/14/2017 to include fringe benefits[.]" (Benefits Response at 4). The List of Claims Payments describes indemnity and medical payments made to Ms. Huff. (*See* List of Claims Payments at 141–44).

### 2. Motion for Summary Judgment

Defendant argues that judgment should be entered in its favor because there is no evidence that Ms. Huff suffered any damages. (*See* Mot. at 5, ECF No. 70). Separately, Defendant filed a *Daubert* motion to exclude the expert testimony of Dr. Arango, who found that Ms. Huff suffered permanent injuries that were caused from the car collision at issue. (*See* ECF Nos. 67 & 71). Plaintiff filed a combined response to Defendant's *Daubert* motion and Motion for Summary Judgment that did not substantive respond to any of Defendant's summary judgment arguments. (*See* ECF No. 73). The Court denied Defendant's request to exclude Dr. Arango's testimony. (ECF Nos. 92 & 95).

The Motion for Summary Judgment is now ripe for the Court's review. Because Plaintiff did not substantively respond to any of Defendant's summary judgment arguments, any challenge to those arguments has been waived. *See Schwarz v. Bd. of Supervisors on behalf of Villages Cmty. Dev. Districts*, 672 F. App'x 981, 983 (11th Cir. 2017). Accordingly, the Court is tasked solely with deciding whether the undisputed record supports entry of judgment in Defendant's favor. As explained below, the record demonstrates disputed issues of fact as to damages.

### B. LEGAL STANDARD & APPLICABLE LAW

Summary judgment is appropriate only if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if there is sufficient evidence such that a reasonable jury could

return a verdict for either party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Similarly, an issue is material if it may affect the outcome of the suit under governing law. *Id.* The moving party bears the burden of showing the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). At the summary judgment stage, courts must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Chapman v. Am. Cyanamid Co.*, 861 F.2d 1515, 1518 (11th Cir. 1988). That said, if the evidence advanced by the nonmoving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

The Federal Tort Claims Act "demands that federal courts apply the law of the situs state to determine whether a tort claim has been stated." *See Gomez v. United States*, 601 F. App'x 841, 851 (11th Cir. 2015) (citing 28 U.S.C. § 1346(b)(1)). Accordingly, the Court applies Florida law when evaluating Defendant's Motion for Summary Judgment.

## C. DISCUSSION

Defendant argues that Plaintiff has not created a disputed issue of fact as to any of the three categories of damages for which he seeks to recover. The Court will address each category of damages below.

### 1. Medical Expenses

Defendant argues that Plaintiff cannot show damages for medical expenses because all evidence of Plaintiff's medical expenses, except payments made from Ms. Huff's worker's compensation carrier, are barred by Florida's collateral source rule. (Mot. at 6–9). Defendant misconstrues the rule. To begin, the Court notes that collateral sources "are defined by statute as 'payments made' on the claimant's behalf." *Goble v. Frohman*, 901 So. 2d 830, 832 (Fla. 2005)

(citing § 768.76, Fla. Stat.).  A "'payment' is not limited to the actual remitting of cash but includes any act that discharges a debt or obligation." *Id.*

The collateral source rule has both a damages and evidentiary aspect.  "Historically, the damages aspect of the collateral source rule prevented the reduction of damages by collateral sources available to the plaintiff." *Joerg v. State Farm Mut. Auto. Ins. Co.*, 176 So. 3d 1247, 1249 (Fla. 2015) (citing *Goble*, 901 So. 2d at 832).  The Florida legislature abrogated the damages aspect of the collateral source rule "to reduce insurance costs and prevent plaintiffs from receiving windfalls." *See id.*  To that end, section 786.76(1) provides that "[i]n any action . . . in which liability is admitted or is determined by the trier of fact and in which damages are awarded . . . the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources . . . ." § 768.76(1), Fla. Stat.  There are exceptions to section 768.76(1).  For example, the trial court cannot reduce a damages award "for collateral sources for which a subrogation or reimbursement right exists." *Id.*  Specifically, "benefits received under . . . the Workers' Compensation Law . . . shall not be considered a collateral source." § 768.76(2)(b), Fla. Stat.

Here, Defendant has neither admitted liability for the car accident nor has this case been determined by a trier of fact.  Accordingly, the statutory prerequisites to entertain setoffs has not yet been satisfied.  Defendant does not present any authority for such setoffs being decided at the summary judgment stage.  In fact, other courts have found Defendant's same request to be premature. *See Jackson v. Allstate Prop. & Cas. Ins. Co.*, No. 14-cv-717, 2016 U.S. Dist. LEXIS 50931, at *8 (M.D. Fla. Aug. 15, 2016).  To the extent a setoff is required under section 786.76(1), the setoff will be assessed after liability is admitted or determined.

Moreover, evidence of Plaintiff's past medical expenses is admissible even if those expenses were paid by collateral sources. To be clear, "phantom damages," or the amounts a provider billed but that were satisfied for a lesser amount, are inadmissible. *See Gulfstream Park Racing Ass'n v. Volin*, 326 So. 3d 1124, 1125 (Fla. 4th DCA 2021). But Plaintiff *is* permitted to introduce evidence of the amount the provider actually accepted for her medical expenses. *See Daley v. Scott*, No. 15-cv-269, 2016 U.S. Dist. LEXIS 83735, at *16 (M.D. Fla. June 28, 2016) ("Under Florida law, a plaintiff is entitled to recover from a defendant the full amount that the plaintiff's medical providers have agreed to accept as payment for the treatment, regardless of who pays them – not just the amount for which the plaintiff is personally liable to those providers."). In other words, the parties can present evidence of the "actual damages sustained by the aggrieved party." *Gulfstream*, 326 So. 3d at 1126 (quoting *Goble*, 901 So. 2d at 834 (Bell, J., concurring)). The actual damage Ms. Huff sustained equates to the debt settled for between Ms. Huff and her provider. The *identity* of the independent source who paid the debt is what is inadmissible. The Court denies summary judgment in favor of the Defendant on the issue of medical expenses.

## 2. Lost Wages

Defendant moves for summary judgment on Plaintiff's claim for lost wages, arguing that "no admissible evidence supports that Ms. Huff sustained any particular amount of lost wages" or establishes that "Mr. Huff was employed at all[.]" (Mot at 10–11). Contrary to Defendant's assertion, the record does support that Plaintiff was employed as a home health care nurse at Brookdale Senior Living at the time of the accident and that she was out of work for approximately four weeks and two days due to her injuries. (*See* J. Huff Depo. at 21:9–22:23, 92:16–93:22; 1st Interrogs. Answers at 5, 13).

Plaintiff asserts that Ms. Huff incurred $6,292.54 in lost wages. (SMF ¶ 8). This computation of lost wages derives from Ms. Huff's Response to Petition for Benefits, submitted to the Office of the Judges of Compensation Claims. (*See* SMF ¶ 16; Benefits Response). Even though Plaintiff's computation for lost wages is far from clear, the Court nevertheless finds that a genuine dispute of material fact exists as to lost wages. *See Torres v. First Transit, Inc.*, No. 17-cv-81162, 2018 U.S. Dist. LEXIS 158940, at *9 (S.D. Fla. Sept. 18, 2018) (denying summary judgment for defendant on lost wages because plaintiff "may be able to present additional evidence at trial to support his wage loss"); *Schwartz v. NCL (Bah.), Ltd.*, No. 08-23092, 2009 U.S. Dist. LEXIS 139410, at *6 n.1 (S.D. Fla. Sept. 30, 2009) (Jordan, J.) ("[Defendant] also disputes [plaintiff's] entitlement to damages for lost wages, but this argument is frivolous at the summary judgment stage and I need not address it here."); *Zalimeni v. Cooper Marine & Timberlands Corp.*, No. 19-00245, 2020 U.S. Dist. LEXIS 207073, at *48 (S.D. Ala. Nov. 5, 2020) ("In the discretion of this Court, the Court finds that [plaintiff's] failure to provide damages computation is neither fatal to his case nor a basis upon which summary judgment should be summarily granted."). Summary judgment on lost wage damages is denied.

### 3. Pain and Suffering

Defendant moves for summary judgment on Plaintiff's claim for pain and suffering on the basis that there is no evidence that Ms. Huff suffered a permanent injury or that the injury was caused by the car accident. (Mot. at 13–17). Under Florida's "no fault" statute, the injured party can only recover damages for pain and suffering if "the injury or disease consists in whole or in part of: (a) Significant and permanent loss of an important bodily function. (b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement. (c) Significant and permanent scarring or disfigurement. (d) Death." § 627.737, Fla. Stat. Defendant

argues that there is no evidence of a permanent injury or causation because the Court should exclude Dr. Arango's expert testimony. (Mot. at 13–17). But the Court denied Defendant's efforts to exclude Dr. Arango's expert testimony. (*See* ECF Nos. 92 & 95). Accordingly, there is a genuine dispute of material fact as to whether Ms. Huff incurred damages for pain and suffering from a permanent injury caused by the car accident. Summary judgment on damages for pain and suffering is denied.

### D. CONCLUSION

Accordingly, after careful consideration, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment, (ECF No. 70), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of April, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Maynard
All Counsel of Record