UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case Number: **19-14100-CIV-MARTINEZ-MAYNARD**

JONATHAN HUFF, as the Administrator of the
Estate of the Decedent, PAMELA M. HUFF,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER ON DEPOSITION TESTIMONY OF DR. CARL LAVIN

**THIS MATTER** is before the Court on Plaintiff's Motion to Allow Video Deposition of Dr. Carl Lavin in Lieu of In Person Testimony at Trial ("Motion to Allow Deposition Testimony"), (ECF No. 121), Plaintiff's Motion to Include Portion of Video Deposition Designated by Plaintiff and Objected to by Defendant ("Motion to Designate"), (ECF No. 125), and Plaintiff's Notice of Filing Affidavit of Dr. Carl Lavin ("Affidavit"). Plaintiff moves to permit Ms. Huff's treating physician, Dr. Carl Lavin, to testify via video deposition at trial because Dr. Lavin's office is more than 100 miles from the courthouse where this case will be tried. (ECF No. 121 at 2). Plaintiff seeks to designate page 27, line 5 through page 33, line 4 of Dr. Lavin's deposition transcript to be read into evidence at trial. (ECF No. 125 at 2).

In support of Plaintiff's Motion to Designate, Plaintiff submitted the Affidavit of Dr. Carl Lavin. (ECF No. 131-1). Dr. Lavin represents that he is "leaving the employment of Waldron Chiropractic Health Center and after an extended vacation will not return to the practice of Chiropractic medicine." (*Id.* ¶ 5). In addition, Dr. Lavin states that he "is not sure where he will

1

be on August 21 – 23, 2022, however he is certain that he would not be able to facilitate an electronic presentation concerning his treatment of Ms. Huff in 2017 or be able to respond to questions of care for Ms. Huff without full access to the Waldron electronic records." (*Id.* ¶ 6).

Previously, when this case was set to be tried in Fort Pierce, the Court denied Plaintiff's motion to permit Dr. Lavin to testify via video deposition because Dr. Lavin's office was within 100 miles of the Fort Pierce courthouse. (ECF No. 115). Now that the parties have agreed to a trial in Miami, Plaintiff has renewed his motion requesting Dr. Lavin testify via video deposition. Defendant objects to allowing Dr. Lavin to testify via video deposition because Plaintiff "should not benefit from the unfortunate circumstances causing this trial to need to be rescheduled or the agreement of Defendant to hold the trial in Miami." (*See* ECF No. 122 at 2). Defendant also states that Plaintiff has not established that Dr. Lavin is "unavailable" and that his claim that he will not have access to Ms. Huff's records is not credible because "[a]ll of Ms. Huff's medical records were produced (or should have been produced) in discovery in this litigation, and Plaintiff's counsel has access to them." (ECF No. 132 at 2).

Defendant also objects to the requested designation of Dr. Lavin's deposition testimony because "it was excluded by this Court's order precluding him from testifying regarding causation, permanency, and cervical disc injury." (ECF No. 129 at 2). Defendant is referring to the Court's order affirming and adopting Judge Maynard's Report and Recommendation ("R&R"), which recommended excluding Dr. Lavin's opinion testimony related to Ms. Huff's cervical disc injuries, the permanency of her injuries, and causation. (ECF Nos. 92 & 95).

To begin, the Court notes that Dr. Lavin's Affidavit states that he "is not sure where he will be" during the trial of this case, not that he is *unavailable* to testify at trial. (ECF No. 131-1 at 2). In addition, the Court has reviewed the testimony sought to be designated and finds that it

2

predominately covers, or is inextricably intertwined with, topics excluded in the Court's Order Adopting the R&R. Notably, Plaintiff did not respond in opposition to Defendant's *Daubert* motion to exclude Dr. Lavin's testimony. (*See* ECF No. 92 at 9). Having failed to do so then, Plaintiff cannot object now to excluding the testimony that was the subject of Defendant's *Daubert* motion. Nevertheless, the Court will permit limited deposition testimony regarding solely Dr. Lavin's treatment of Plaintiff: Page 32, line 10 through Page 33, line 4.

After careful consideration, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Allow Deposition Testimony and Motion to Designate, (ECF Nos. 121 & 125), are **GRANTED IN PART AND DENIED IN PART**. The Court will permit Dr. Lavin's deposition testimony on **page 32, line 10 through page 33, line 4** to be admitted into evidence at trial. Plaintiff's Motion to Allow Deposition Testimony and Motion to Designate are denied in all other respects.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12 day of August, 2022.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Maynard
All Counsel of Record